FÉLIX MEJÍAS, ADMINISTRATOR OF ECONOMIC STABILIZATION, Petitioner *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, J. M. CALDERÓN, JR., JUDGE, Respondent.

No. 2032. Argued October 1, 1953.—Decided December 10, 1953.

492

*Juan T. Peñagarícano* and *Rafael A. Rivera Cruz*, for petitioner.
*César A. Montilla* and *Jorge Benítez Gautier*, for intervener,
petitioner in the writ of review.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

Dr. Andrés Franceschi Antongiorgi is the owner of a dwelling house constructed after 1946, which he acquired by purchase at a price of $10,000. He leased the building to Eudaldo Iglesias on a month-to-month verbal contract at $65 per month. The lease was made by a son of Dr. Franceschi Antongiorgi prior to the issuance of any determination or official order establishing the maximum rent of that building by the Rent Administrator of Puerto Rico, now Administrator of Economic Stabilization.

After the execution of the lease Dr. Franceschi Antongiorgi registered the property in the office of the Rent Administrator of Puerto Rico setting forth the aforesaid lease and giving as a temporary rent the amount of $65 per month. After making the entry, the lessor, Dr. Franceschi Antongiorgi, asked the Administrator to determine and fix the reasonable rent of that property, on the basis of the cost of construction of the building, since it had been built after October 1, 1942. The lessor further alleges that the temporary rent agreed between his son and the lessee was stipulated without his knowledge or consent. After having examined the property, the Administrator determined that the cost thereof, including the value of the lot, was approximately $10,000 and on that basis the Administrator issued a final order on May 1, 1953 fixing the maximum rent of the building at $100 per month, pursuant to the provisions of § 6 of the Reasonable Rents Act of Puerto Rico. Act

No. 464 of 1946 (Sess. Laws, p. 1326). In his order the Administrator indicated that the maximum rent of $100 was to become effective "as soon as the present tenant vacated the premises," adding a marginal note to the order which reads as follows: "It is understood that the present tenant shall continue paying $65 per month, which is the rent stipulated by the parties."

The landlord filed a petition for review in the Superior Court of Puerto Rico, San Juan Part, challenging that part of the order which limits the payment of the maximum rent of $100 per month to new tenants, and challenging that part of the order which we have copied, to the effect that the tenant Eudaldo Iglesias would only have to pay $65 per month. Finally, the San Juan Court rendered judgment sustaining the petition for review and setting aside the order appealed from insofar as it imposed as a condition for its enforcement the change of lessee or tenant, and remanded the case to the Administrator, ordering that a new order be issued providing for the enforcement of the rent of $100 as to Eudaldo Iglesias and all subsequent tenants. The Administrator of Economic Stabilization has filed the present petition for certiorari.

▬▬▬▬ The problem under consideration refers to the validity of the Administrator's determination that the maximum rent which he fixed at $100 per month was not applicable to the present tenant, that is, to Eudaldo Iglesias. Section 6 of the Reasonable Rents Act provides, in part, the following:

"If the dwelling or building was constructed after October 1, 1942, the Administrator shall fix the reasonable rent on the basis of the cost of construction of said dwelling or building; *It being understood* that in no case shall the reasonable rent, as computed for one year, exceed twelve (12) per cent of the cost of the works.

". . . . . . . .

"In cases where the Administrator adjusts the rent which was being paid prior to the date of the taking effect of this

Act or issues a final order on any rent, fixing in lieu thereof the reasonable rent as herein determined, the tenant shall be required to pay only the basic rent or the reasonable rent fixed for the purpose, but he shall not be entitled to any reimbursement or claim for the payment made in excess of the reasonable rent prior to the date on which the latter may be fixed, except in those cases where by express provision of this Act the rent automatically adjusts to the amount prevailing on October 1, 1942, and except in such cases where the Administrator issues a temporary order increasing or fixing the maximum rent until the case is finally decided; *Provided,* That the rent so increased or fixed shall be subject to reimbursement to the tenant as to the amount in excess of the maximum rent that may be fixed by the final order.

".      .      .      .      .      .      .      .

"Notwithstanding what is otherwise provided by any contract, pact, or agreement already made, or to be made in the future, no landlord shall charge or receive for the use, occupancy, or lease of a rental property, a rent higher than the basic rent or the reasonable rent fixed by the Administrator, as the case may be; *Provided, however,* That rents lower than the basic rent or the reasonable rent may be charged, paid, or received."

Section 12 of that same Act provides as follows:

"Regardless of the date of construction or occupancy of both dwellings and business premises, and irrespective of any change of landlord or nominal lessor, the lease contract shall, on the day of expiration agreed upon therein, be compulsorily extended by the lessor at the option of the tenant or lessee, without altering any of the clauses thereof, all of which shall be deemed in force. The foregoing is applicable both to written and oral contracts and the extension shall be understood for the terms fixed by Section 1471 of the Civil Code, but never for a period longer than the duration of the emergency declared in this Act. Said extension is also applicable to leased lots whereon buildings belonging to an owner other than the owner of the lot are erected."

The Administrator alleges that the phrase appearing in § 12, "without altering any of the clauses thereof, all of which shall be deemed in force," constitutes a statutory limi-

tation on the faculties of the Administrator himself, to the extent that, upon fixing a reasonable rent, the Administrator is bound to abide by and enforce the rent stipulated in a lease in force at the time the reasonable rent is fixed, even if that rent is lower than the reasonable one. The Administrator is not correct. This is a case of a month-to-month verbal contract,[1] which was registered in the Rent Administration (now Economic Stabilization) with a *temporary* rent of $65 per month. Since the building was constructed after October 1, 1942, the Administrator determined the cost of construction of the building, and on the basis of the cost, fixed the reasonable rent at $100 per month. That amount represented the rent which was fairly related to the lessor's investment. Once the Administrator determined the reasonable rent, it should have been applied to future as well as to existing leases. The payment of a reasonable rent was not an exclusive attribute of future contracts; it should have been effectively applied to any rental received by the landlord after the administrative order was issued, even if those rents flowed from existing contracts. The landlord was entitled to receive a reasonable rent immediately after the Administrator's order, whether from future or present tenants. What might have constituted a fair rent, on the basis of the cost of the building, constituted a continuous reality irrespective of the date of the leases. Otherwise, the landlord, after having obtained a determination that the reasonable rent was $100, would be forced to receive an unreasonable rent of $65 for an indefinite period of time.

The provision of § 12 to the effect that the contract shall be compulsorily extended by the lessor at the option of the tenant "without altering any of the clauses thereof, all of which shall be deemed in force," constitutes a limitation on the parties, but not on the Administrator; it is a restriction

---

[1] We need not consider in the instant case the possible effect of a lease contract for a fixed term on the power of the Administrator to alter contract clauses. *Cf. Aponte, Admr.* v. *District Court,* 67 P.R.R. 788.

on the voluntary action of the parties but not a prohibition on the Administrator in the possible exercise of his powers. The Administrator, at least as regards a month-to-month tenancy such as the one involved in the case at bar, should have the power to alter the clause contained in a lease as to the amount of rent, in order to protect the public interest, and the legitimate rights of the parties, that is, the lessor's right to receive a reasonable rent and the lessee's right not to pay an excessive and unreasonable rent.

Therefore, the trial court acted correctly in setting aside the order of the Administrator. The writ issued will be quashed.

Mr. Justice Pérez Pimentel dissented.